[File No. 6495.]

C. J. MURPHY, as President of the Bar Association of North Dakota, an Unincorporated Association, Plaintiff, v. C. LIEBERT CRUM and Joseph Coghlan, Defendants.

(274 N. W. 862.)

Opinion filed September 11, 1937.

*Charles G. Bangert,* for plaintiff.

*C. Liebert Crum,* in pro. per., *J. K. Murray, Joseph Coghlan,* in pro, per., and *William Lemke,* for defendants.

BURR, J. The plaintiff prays that the defendants be cited to answer for contempt of court. The issue involved is similar in many respects to the issue in the companion case of Murphy v. Townley, ante, 560, 274 N. W. 857, decided this term.

The complaint alleges that the defendants are duly qualified attorneys at law and licensed to practice in this state; but have associated themselves with said A. C. Townley et al. in their attempt to practice law illegally, and to this end have permitted them to solicit business for defendants and request their clients "to entrust their court actions and other legal matters to the care and management of the above named defendants; that many of such solicitations were made in the presence of the defendants, and all of the same were made with the full knowledge, consent and approval of the defendants. That the defendants associated themselves together with and became partners of said several parties above named in the unlawful and unlicensed practice of the law within this State, and received part of the fees collected by said several parties in such unlawful and unlicensed practice."

The complaint further alleges that after such solicitation the defendants appeared in court for persons who became their clients through this method; advised and counseled with Townley and the others knowing that the advice would be used in collecting fees and in soliciting clients who would entrust their legal matters to the defendants; that the defendants associated themselves with said Townley and others in the acts said to constitute the illegal practice of law by the said Townley, "and otherwise conducted themselves in an unlawful way and in a manner unbecoming an attorney at law and an officer of this Court."

Each defendant filed a motion to quash, setting forth various reasons, and particularly, "That said complaint and affidavits thereto attached upon their face do not state facts sufficient to constitute either civil or criminal contempt of any court and do not state facts sufficient

to constitute any kind of a cause of action against this appearing defendant."

We need not deal with this application exhaustively. We have already held in the companion case that even if the defendants therein were engaged in the practice of law without a license, the acts charged did not constitute contempt of court. If the acts alleged do not in themselves constitute contempt of court, the fact that the defendants herein are licensed attorneys does not alter the situation.

If the defendants are guilty of the violation of professional ethics, there is a method provided for their discipline. Here we are asked to assume original jurisdiction and have the defendants punished as and for contempt of court. The complaint does not set forth sufficient grounds to sustain such procedure, and therefore the application is denied.

CHRISTIANSON, Ch. J., and MORRIS, J., concur.

NUESSLE, J., concurs in the result.